UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JIM LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-2102 (RBW) |
| | ) | |
| U.S. AGENCY FOR INTERNATIONAL DEVELOPMENT and NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Jim Lee, the pro se plaintiff in this civil matter, brings this action against the United States Agency for International Development ("USAID") and the National Oceanic and Atmospheric Administration ("NOAA"), alleging that the defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2 (2012), by discriminating against him on the basis of national origin. Complaint and Demand for Jury Trial ("Compl.") ¶ 34. The plaintiff also alleges that an official at the NOAA "made a false statement" about him during the Equal Employment Opportunity ("EEO") investigation, in violation of 18 U.S.C. § 1001 (2012). Id. ¶ 35. Currently before the Court is the Defendants' Motion for Judgment on the Pleadings ("Def.'s Mot."). Upon careful consideration of the motion and the parties' memoranda of law submitted in support of and opposition thereto,[1] the Court concludes that it must grant the motion

---

[1] In addition to the documents previously referenced, the Court also considered the following submissions in reaching its decision: (1) the defendants' Memorandum of Points and Authorities in Support of [the] Defendant's Motion for Judgment on the Pleadings ("Def.'s Mem."); (2) the Plaintiff's Response to [the] Defendants' Motion for Judgment on the Pleadings ("Pl.'s Opp'n"); and (3) the Defendant's Reply Memorandum in Further Support of Motion for Judgment on the Pleadings and Motion to Dismiss.

and dismiss this case.[2]

## I. BACKGROUND

The plaintiff alleges in his Complaint that he commenced employment with SRA International, Inc., a federal contractor, on June 16, 2008 after receiving a "Public Trust level clearance." Compl. ¶ 6. During his tenure with that contractor, he "worked in the USAID office." Id. On October 15, 2008, the plaintiff began working for a second federal contractor, referred to in the Complaint as "AINS," but continued to work in the same USAID office. Id. ¶ 7. The plaintiff subsequently applied for a Secret clearance provided by the Department of Defense, but his application was rejected on September 5, 2012, purportedly because the plaintiff's "mother, brother[,] and sister are citizens and residents of China." Id. ¶ 9. After the plaintiff's adverse clearance adjudication, the USAID allegedly "demanded" that AINS "terminate [the] [p]laintiff's work." Id. ¶ 10. On March 31, 2013, AINS terminated the plaintiff. Id.

On July 16, 2013, the plaintiff began employment for a third federal contractor, referred to in the Complaint as "SSAI," servicing a federal contract with the NOAA. Id. ¶ 15. On April 30, 2014, "the NOAA [physically] removed [the] [p]laintiff from its office . . . on the order from [the] NOAA security office." Id. ¶ 16. Following a request for clarification by the plaintiff, a SSAI manager explained that "[a]s a result of the Secret clearance denial, a flag was placed on your file. This flag may be hindering your qualifications for Public Trust positions." Id. ¶ 18. While the plaintiff does not affirmatively state in his Complaint that his employment was subsequently

---

[2] In an abundance of caution, and in accordance with Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court "advise[d] the plaintiff of the consequences of failing to respond adequately to the defendants' dispositive motion" in its July 21, 2016 Order. Order at 2 (July 21, 2016), ECF No. 8. In so doing, the Court afforded the plaintiff an opportunity to supplement his opposition to the defendant's motion for judgment on the pleadings by July 13, 2016. Id. As of the date of this Order, no such supplement has been filed by the plaintiff.

terminated by SSAI, the Court infers that this is the case based upon the plaintiff's allegations that he was "removed from work twice," id. ¶ 33, and that he "has sustained loss of income, loss of career, loss of job, and injuries," id. ¶ 24.

After initiating an investigation with the Equal Employment Opportunity Commission ("EEOC") regarding his termination from SSAI, NOAA EEO counselor Jeanette Toledo informed the plaintiff of the following by email:

> I spoke to the Security Office and was told they never fired you. They were processing your paperwork as they do with all employees. When they got a call from your employer[,] the contracting company[,] telling NOAA to stop processing your papers because the contracting company took you off the NOAA contract. That is all the security office knows nothing [sic] about your clearance issues.

Id. ¶ 28. The plaintiff contacted SSAI, his former employer, about Toledo's statement, and was purportedly told by a manager that "[t]he statement provided to you by [NOAA] was absolutely not true." Id. ¶ 29.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits "a party [to] move for judgment on the pleadings" so long as the motion is made "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard for a motion for judgment under Rule 12(c) is essentially the same standard as a motion to dismiss under Rule 12(b)(6)." Rollins v. Wackenhut Servs., 802 F. Supp. 2d 111, 116 (D.D.C. 2011) (citing Schuchart v. La Taberna Del Alabardero, Inc., 365 F.3d 33, 35 (D.C. Cir. 2004)). Accordingly, when considering a Rule 12(c) motion, "the court must accept the nonmovant's allegations as true and should view the facts in the light most favorable to the nonmovant." Bowman v. District of Columbia, 562 F. Supp. 2d 30, 32 (D.D.C. 2008) (citation omitted). Therefore, "[t]he court should grant a motion for judgment on the pleadings [only] if the movant 'is entitled to judgment as a matter of law.'" Id. (quoting Burns Int'l Sec. Servs. v. Int'l Union, 47 F.3d 14, 16 (2d Cir. 1995)).

## III.   ANALYSIS

### A.  The Plaintiff's Title VII Employment Discrimination Claim

The plaintiff asserts that the defendants "discriminated against [him] based on [his] national origin," which constitutes a "violation of Title VII of the Civil Rights Act [of 1964]." Compl. ¶ 34.  There are two independent reasons requiring the dismissal of this claim.  First, the plaintiff emphasizes in his Complaint that throughout the duration of the defendants' alleged conduct, he was employed as a "[f]ederal contractor" for private companies, and never characterizes himself as an employee of either government defendant.  See Compl. ¶¶ 6–8, 10, 15.  This is fatal to the plaintiff's discrimination claim because:

> In a Title VII action against the federal government, the plaintiff must be "in a direct employment relationship with a government employer."  In other words, "[i]ndividuals who are independent contractors or those not directly employed by such an employer are unprotected."  "Status as an employee is therefore of crucial significance for those seeking to redress alleged discriminatory actions in federal employment."  Given that [the] [p]laintiff asserts that [he] was a contractor and does not claim to have been an employee in either law or fact, that is the end of the matter.

Palmer v. Napolitano, 867 F. Supp. 2d 120, 123 (D.D.C. 2012) (quoting Spirides v. Reinhardt, 613 F.2d 826, 829–30 (D.C. Cir. 1979)).[3]  For this reason alone, the Court must dismiss the plaintiff's Title VII claim against both defendants.  Id.

Second, even if the Court assumed for the sake of argument that the plaintiff was an employee of one or both defendants, dismissal would nonetheless be required because the plaintiff failed to timely exhaust his administrative remedies.  Title 29 of the Code of Federal

---

[3] In his opposition, the plaintiff belatedly and in a conclusory fashion contends that both the "USAID and [the] NOAA are joint employers" with the plaintiff's former federal contractors.  Pl.'s Opp'n at 5.  However, nowhere in his Complaint does the plaintiff suggest that either government defendant served in any formal or de facto capacity as his employer.  See generally Compl.  Therefore, entertaining such an argument would be improper at this juncture because "a complaint may not be amended by the briefs in opposition to a motion to dismiss."  Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv., 297 F. Supp. 2d 165, 170 (D.D.C. 2003) (citation omitted).  And even if the Court could entertain an amendment to the plaintiff's Complaint to remedy this deficiency, the claim would still fail due to the plaintiff's failure to exhaust his administrative remedies, as discussed infra.

Regulations sets forth the administrative process for filing discrimination complaints against the federal government. First, one who believes he has been subjected to discrimination by his federal-government employer "must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a) (2015). "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ." Id. § 1614.105(a)(1). "At the initial counseling session, Counselors must advise individuals in writing of their rights and responsibilities, including . . . that only the claims raised in pre-complaint counseling . . . may be alleged in a subsequent complaint filed with the agency." Id. § 1614.105(b)(1). If the matter is not resolved by the pre-complaint counseling, "the aggrieved person shall be informed in writing by the Counselor . . . of the right to file a discrimination complaint." Id. § 1614.105(d). The complainant then has fifteen days to file a formal administrative complaint. Id. § 1614.106(b).

"A plaintiff fails to exhaust [his] administrative remedies when the complaint [he] files in federal court includes a claim that was not raised in the administrative complaint." Mogenhan v. Shinseki, 630 F. Supp. 2d 56, 60 (D.D.C. 2009) (citation omitted); see also Singleton v. Potter, 402 F. Supp. 2d 12, 32 (D.D.C. 2005) ("[A]s the D.C. Circuit has emphasized: 'Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge.'" (quoting Marshall v. Fed. Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997))). This exhaustion requirement is not a "mere technicality," but "serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and

5

decision." Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks and citation omitted).

With respect to his discrimination claim against the USAID, the plaintiff concedes that he "did not contact USAID's EEO office because [he] was not ready to sue any government agencies at the time when he was removed from work." Pl.'s Opp'n at 7. And with respect to his claims against NOAA, the plaintiff explains that the EEO complaint that he did file was only against SSAI, the federal contractor who had employed him at the time, and not the NOAA. Compl. ¶ 30 ("[The] [p]laintiff could only put the charge against his direct employer SSAI in the EEOC form due to the procedural restrictions . . . ."); see also Compl., Exhibit A (EEOC Dismissal and Notice of Rights) at 1.[4] Because the plaintiff never filed an EEO complaint against either defendant in this case, the Court must also dismiss the plaintiff's discrimination claim for failure to exhaust his administrative remedies. E.g. Al-Saffy v. Vilsack, 54 F. Supp. 3d 79, 85 (D.D.C. 2014) ("[The] [p]laintiff never filed a formal complaint with the agency . . . . [The] [p]laintiff's failure to file the required formal discrimination complaint is fatal to his

---

[4] The plaintiff suggests in his opposition that he exhausted his administrative remedies with respect to the NOAA because "[h]e was directed by the EEOC to sue SSAI, which could not be controlled by the [p]laintiff." Pl.'s Opp'n at 6; see also Compl. ¶ 26 ("[The] [p]laintiff called the EEOC to make a complaint against the NOAA Security Office for the job discrimination based on national origin . . . . [The] [p]laintiff's employer, SSAI, is a private company, and the EEOC agent told [the] [p]laintiff that he needed to go to EEOC to sue SSAI . . . . Then the agent told [the] [p]laintiff that he needed to sue his direct employer SSAI, and then the SSAI in turn would sue NOAA."). While it is true that "Title VII's time limit on filing a complaint with the EEOC is not jurisdictional and is subject to 'estoppel[] and equitable tolling,'" Currier v. Radio Free Europe/Radio Liberty, Inc., 159 F.3d 1363, 1367 (D.C. Cir. 1998) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), "[i]n order to avail [himself] of the doctrine of equitable estoppel, a plaintiff must come forward with specific proof of an employer's affirmative acts or misleading statements that prevented [him] from filing an EEO complaint," Klugel v. Small, 519 F. Supp. 2d 66, 73 (D.D.C. 2007) (emphasis added) (citing Chung v. U.S. Dep't of Justice, 333 F.3d 273, 279 (D.C. Cir. 2003)). Therefore, the doctrine of equitable estoppel is not applicable here because the guidance afforded to the plaintiff about the proper party against whom to file an EEO complaint was offered by the EEOC and not the defendants in this case. See Currier, 159 F.3d 1367 ("[E]quitable estoppel . . . prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time." (emphasis in original) (citation omitted)).

claims . . . because he did not exhaust all administrative remedies before filing suit in this Court." (citing 29 C.F.R. § 1614.106(a))).

**B. The Plaintiff's Allegations of False Statements**

The plaintiff also alleges that an official within the NOAA "made a false statement about the removal of [the] [p]laintiff from work to the EEO official during the EEO investigation to obstruct justice" in violation of 18 U.S.C. § 1001. Compl. ¶ 35. However, as this Circuit has explained, "[t]o the extent [the plaintiff] attempt[s] to raise causes of actions based on criminal statutes, there is no private cause of action for . . . false statements, 18 U.S.C. § 1001." Fuller v. Unknown Officials from the Justice Dep't Crime Div., 387 F. App'x 3, 4 (D.C. Cir. 2010) (citing Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994); see also, e.g., Jones v. Nat'l Council on Disability, 66 F. Supp. 3d 94, 104 (D.D.C. 2014) ("[The plaintiff] claims that [the defendants] violated 18 U.S.C. § 1001 by knowingly and willfully making false statements. Because this is a criminal statute that provides no private right of action, this claim will be dismissed." (citation omitted)), aff'd, No. 14-5244, 2015 WL 653308 (D.C. Cir. Feb. 5, 2015). Accordingly, the Court must dismiss the plaintiff's second claim.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Defendants' Motion for Judgment on the Pleadings is **GRANTED**, and the plaintiff's claims are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that this case is **CLOSED**.

**SO ORDERED** this 29th day of August, 2016.

REGGIE B. WALTON<br>
United States District Judge